Citation Nr: 1508842 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 13-09 057 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New Orleans, Louisiana


THE ISSUE

Entitlement to service connection for a heart disability, to include coronary artery disease (CAD).


ATTORNEY FOR THE BOARD

Michael J. Adams, Associate Counsel


INTRODUCTION

The Veteran served on active duty from February 1971 to May 1974. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in New Orleans, Louisiana. 

Although the Veteran requested a Board hearing and was scheduled for a videoconference hearing before a Veterans Law Judge on January 23, 2014, he did not report for the hearing and no explanation has been offered. He has not requested that the hearing be rescheduled; therefore, the hearing request is considered withdrawn. 38 C.F.R. § 20.704(d) (2014).


FINDING OF FACT

The most probative and competent evidence does not demonstrate that the Veteran's currently diagnosed heart disability is related to his military service.


CONCLUSION OF LAW

The criteria for service connection for a heart disability, to include CAD, have not been met. 38 U.S.C.A. §§ 1110, 1112, 1113, 1137, 1154, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. VCAA Duty to Notify and Assist

Pursuant to the Veterans Claims Assistance Act of 2000 (VCAA), VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a). See also Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). A VA letter issued in June 2009 satisfied the duty to notify provisions with respect to service connection and notified the Veteran of the regulations pertinent to the establishment of an effective date and disability rating.

As to VA's duty to assist the Veteran with his service connection claim, the Board finds that all necessary development has been accomplished and therefore appellate review may proceed without prejudice to the Veteran. See generally 38 C.F.R. § 3.159(c). The record in this case includes service treatment records, VA treatment records, and lay evidence.

The Veteran's claim was previously remanded by the Board in February 2014 in order to obtain authorization for release of private treatment records, obtain VA treatment records, and to provide the Veteran with a VA examination for his claimed heart condition. Review of the claims file reflects that a notice was sent to the Veteran in March 2014 requesting that the Veteran authorize release of his identified private treatment records. To date, the Veteran has not responded to this request. Further, in July 2014 the Veteran submitted a letter indicating that he had no further evidence to submit. Additionally, VA treatment records have been added since May 2012. Thus, with respect to these portions of the Board's remand, the Board finds that there has been substantial compliance with the remand directives. See Stegall v. West, 11 Vet. App. 268 (1998); D'Aries v. Peake, 22 Vet. App. 97 (2008) (holding that only substantial, and not strict compliance with the terms of a remand request, is required); Dyment v. West, 13 Vet. App. 141, 146-47 (1999) (holding that there was no Stegall violation when the examiner made the ultimate determination required by the Board's remand, because such determination more than substantially complied with the Board's remand order).

Additionally, a VA examination was conducted in May 2014 in connection with the Veteran's claim. Review of the May 2014 VA examination report reflects that it is adequate for the purpose of adjudicating the Veteran's claim. Specifically, the examination report reflects that diagnoses and opinions which are consistent with the other evidence of record were rendered following a physical examination of the Veteran and a review of the record. All offered opinions are accompanied by a complete rationale. 38 C.F.R. § 3.159(c) (4); Barr v. Nicholson, 21 Vet. App. 303, 307 (2007). In light of above, the Board's May 2011 remand directives have been substantially completed. Stegall, 11 Vet. App. 268 (1998); D'Aries, 22 Vet. App. 97 (2008); Dyment, 13 Vet. App. at 146-47 (1999).

As described, VA has satisfied its duties to notify and assist, and additional development efforts would serve no useful purpose. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994). Because VA's duties to notify and assist have been met, there is no prejudice to the Veteran in adjudicating this appeal.

II. Service Connection - Heart Disease

Service connection may be established for disability resulting from personal injury suffered or disease contracted in line of duty in the active military, naval, or air service. 38 U.S.C.A. § 1110. That an injury or disease occurred in service is not enough; there must be chronic disability resulting from that injury or disease. If there is no showing of a resulting chronic condition during service, then a showing of continuity of symptomatology after service is required to support a finding of chronicity. 38 C.F.R. § 3.303(b). Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d). Other specifically enumerated chronic disorders, including arthritis and/or a psychosis, will be presumed to have been incurred in, or aggravated by, service if manifested to a compensable degree within the first year following separation from active duty. 38 U.S.C.A. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309.

In Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013), the Federal Circuit held that the theory of continuity of symptomatology can be used only in cases involving those conditions explicitly recognized as chronic in 38 C.F.R. § 3.309(a) such as some forms of heart disease including cardiovascular-renal disease, valve disabilities, arteriosclerosis and myocarditis. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

In relevant part, 38 U.S.C.A. § 1154(a) requires that VA give due consideration to all pertinent medical and lay evidence in evaluating a claim for disability benefits. In order to establish direct service connection for a disorder, there must be (1) competent evidence of the current existence of the disability for which service connection is being claimed; (2) competent evidence of a disease contracted, an injury suffered, or an event witnessed or experienced in active service; and (3) competent evidence of a nexus or connection between the disease, injury, or event in service and the current disability. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). In many cases, medical evidence is required to meet the requirement that the evidence be competent. However, when a condition may be diagnosed by its unique and readily identifiable features, the presence of the disorder is not a determination "medical in nature" and is capable of lay observation. Barr v. Nicholson, 21 Vet. App. 303, 309 (2007).

In the instant case, the Veteran has asserted that his current heart condition, to include CAD, is related to an in-service cardiovascular event. With respect to element one of service connection, evidence of a current disability, VA treatment records, including the May 2014 examination report, reflect a current diagnosis of CAD. As such, element one is satisfied.

Additionally, element two, evidence of an in-service injury, is also satisfied. Review of the service treatment records reflects that the Veteran complained of burning in the chest in January 1972. A September 1972 service treatment record reflects that the Veteran complained of chest pain for two weeks to a month. The impression was costochondritis. The separation examination report reflects normal heart examination. The separation report of medical history indicates that the Veteran denied heart trouble and palpitation or pounding heart but did endorse a history of frequent colds and a head injury.

However, element three, evidence of a nexus between the in-service event and the Veteran's currently diagnosed CAD, is not met. As described, the Veteran was provided a VA examination in May 2014 to ascertain the nature and etiology of his claimed heart condition. The examiner diagnosed the Veteran with CAD and also identified a previous bypass surgery conducted in 1994. After examination of the Veteran and review of the record, the examiner opined that it was less likely as not that the Veteran's CAD was incurred in or caused by service. In support of his opinion the examiner noted the multiple service treatment reports in 1972 for chest pain and substernum burning. He further noted that the impression was costochondritis which was a reasonable diagnosis. The examiner did not see any evidence of CAD at that time. Further, the examiner considered the Veteran's report that he was seen shortly after separation for a suspected heart condition. The Veteran reported that no definitive diagnosis was ever made but his family was asked to come in for hereditary testing which was inconclusive. Nothing else in the Veteran's history indicated that he had CAD or another heart diagnosis at that time. The earliest record of CAD occurs in 1994 when the Veteran underwent bypass surgery. Based on the above, the examiner concluded that it was less likely than not that the Veteran's in-service treatment was related to CAD or that his current CAD is related to any event in service or within one year of separation. Also, because there is more than 20 years between separation from service and diagnosis, there is no basis for service connection based on continuity of symptomatology. While the Veteran has asserted that he had chest pain in service and now, he has not asserted that his symptoms that led to the diagnosis of CAD have been continually present since service. The fact that many years went by between separation from service and treatment, other than a brief treatment right after service, weighs against a finding of continuity. If the Veteran had been experiencing chest pain continually since service, the Board finds it likely he would have sought treatment sooner than 1994.

After considering all the evidence under the laws and regulations set forth above, the Board concludes that the Veteran is not entitled to service connection for his current CAD because the most persuasive and probative evidence of record is against a finding that there is a nexus between his current heart disability and an event, injury, or disease occurring in service. In this respect the Board finds the May 2014 examiner's opinion to be highly probative. The examiner reviewed the entire record and considered the Veteran's reports of treatment following service. He also supported his opinion with adequate rationale including the normal separation examination, and the over 20 year period between separation and diagnosis of CAD. Further, there are no other medical opinions of record that contradict the May 2014 opinion. Absent the Veteran's own assertions that his CAD is related to service, there is no evidence suggesting a nexus. In that regard, although the Veteran is competent to report observable symptoms, such as chest pain, he is not competent to provide an opinion as to whether his current disability is causally or etiologically related to his service or whether it onset during active duty. The Board notes that lay persons are competent to provide opinions on some medical issues, see Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011), however, the specific issue in this case, the etiology of a heart disability, falls outside the realm of common knowledge of a lay person. See Jandreau v. Nicholson, 492 F.3d 1372, 1377.

Accordingly, the Board finds that the preponderance of the evidence is against the Veteran's claim. Because the preponderance of the evidence is against the Veteran's claim, the benefit-of-the-doubt provision does not apply. Therefore, the Board concludes that service connection for a heart disability, to include CAD, is not warranted. See 38 U.S.C.A. § 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2014).


ORDER

Entitlement to service connection for a heart disability, to include CAD, is denied.



____________________________________________
ROBERT C. SCHARNBERGER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs